IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN OWENS, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-4522 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
|     Respondent. | : | |

<u>**MEMORANDUM**</u>

**GOLDBERG, J.**                                                                                             **OCTOBER 23, 2018**

*Pro se* Petitioner Kevin Owens[1] has filed a Petition for Writ of Mandamus (hereinafter, "Petition") against the City of Philadelphia, seeking for the Court to direct the City to return his vehicle to him. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Return of Property (ECF No. 3). For the following reasons, the Court will grant Owens leave to proceed *in forma pauperis*, dismiss his Petition, and deny his Motion for Return of Property.

**I.    FACTS**

Owens has fashioned his Petition as a "Writ of Peremptory Mandamus" and suggests that he is bringing suit as the authorized representative of the "Kevin Owens General Estate, Trust." (Pet. at 1.)[2] The Petition is somewhat difficult to understand, as Owens uses language common to suits filed by those who identify as sovereign citizens and Moorish Americans. From the Petition, the Court discerns that on October 5, 2018, employees of the City towed Owens's vehicle. (Pet. at 1-2.) Owens suggests that when this occurred, he was "operating as an [environmental] apparatus." (*Id.* at 2.) He references his "civilian status of aggrieved party [whose] duty [it was] to check out water

---

[1] In some documents, Owens uses the name "Kevin Bethea" to refer to himself.

[2] The Court uses the pagination assigned to the Petition by the CM/ECF docketing system.

samples in the Fairmount park area." (*Id.* at 1.) As relief, Owens asks the Court to order the City to release his vehicle to him "without fees fines or [encumbrances]." (*Id.* at 2.)

## II. STANDARD OF REVIEW

The Court will grant Owens leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Owens's Petition is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Petition if it fails to state a claim. Whether a petition fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the petition contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Owens is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Under the All Writs Act, this Court has jurisdiction to issue writs of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). However, before entertaining a petition for a writ of mandamus, this Court "must identify a jurisdiction that the issuance of the writ might assist." *United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981). As noted above, Owens requests that the Court order the City of Philadelphia to return his vehicle to him. (Pet. at 1-2.) This Court, however, lacks the authority to issue a writ of mandamus to state officials. *See In re Jones*, 28 F. App'x 133, 132 (3d Cir. 2002) (per curiam) (noting that "[t]he federal courts . . . have no general power in a mandamus action to compel action . . . by state officials"); *see also In re Brown*, 382 F. App'x 150, 150 (3d Cir. 2010 (per curiam) (noting that a request for "an order directing state courts or state

officials to take action . . . lies outside the bounds of . . . mandamus jurisdiction as a federal court"); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"). Thus, the Court cannot provide the relief Owens seeks, and his Petition must be dismissed for lack of jurisdiction.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Owens leave to proceed *in forma pauperis* and dismiss his Petition for lack of jurisdiction. This dismissal will be without prejudice to Owens's right to seek mandamus or other relief in the state courts. Owens's Motion for Return of Property will be denied. Owens will not be permitted to file an amended petition for a writ of mandamus, as he cannot cure the defect noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**
_____
**MITCHELL S. GOLDBERG, J.**

---

[3] While district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, this provision does not apply, as § 1361 does not afford a remedy against state actors, *see Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (per curiam) ("The District Court properly concluded that such a remedy was not available because, to the extent they sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories.").

Moreover, to the extent Owens's Petition could be construed as a Complaint brought pursuant to 42 U.S.C. § 1983, the Court cannot discern any basis for a claim for relief. Owens seems to suggest that his Ninth Amendment rights were violated by the City. (Pet. at 2.) The Ninth Amendment, however, "does not independently provide a source of individual constitutional rights." *Perry v. Lackawanna Cty. Children & Youth Servs.*, 345 F. App'x 723, 726 (3d Cir. 2009). Furthermore, any claims based upon Owens's status as a sovereign citizen or Moorish American are frivolous. *See Bey v. Stumpf*, 825 F. Supp. 2d 537, 547-51 (D.N.J. 2011).